UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID J. WILLIAMS (#333462)**                                     **CIVIL ACTION**

**VERSUS**

**TIM DELANEY, ASS'T WARDEN, ET AL.**                               **NO. 11-0165-JJB-CN**

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Compel Production of Documents, rec.doc.no. 53. This motion is not opposed.

In August, 2011, the plaintiff propounded a Request for Production of Documents to the defendants, see rec.doc.no. 22. On or about September 23, 2011, the defendants filed a response thereto, rec.doc.no. 42. That initial response, however, appears to have been filed in error inasmuch as it bears little similarity to the Request for Production filed by the plaintiff. On or about October 3, 2011, the defendants filed a supplemental response, rec.doc.no. 50, which does appear to respond to the plaintiff's Requests. This response, however, in addition to generally referring to documents previously produced by the defendants as an initial disclosure ordered by the Court, objects to the plaintiff's Requests as calling for "privileged" information, as containing multiple requests, and as being "vague, unduly burdensome, irrelevant and not likely or calculated to lead to the discovery of relevant, material and admissible evidence."

Local Rule 7.5 of the Middle District of Louisiana requires that a memorandum in opposition to a motion be filed within twenty-one (21) days after service of the motion. The Rule specifically provides, in

pertinent part:

> Each respondent opposing a motion shall file a response, including affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies.

As noted above, the present motion to compel was filed on October 12, 2011, and the Court's electronic filing system indicates that notice of the filing of such motion was served on the defendants' counsel electronically on October 14, 2011. More than twenty-one (21) days have elapsed since service of the motion, and the defendants have failed to file any opposition thereto. The motion is therefore deemed to be unopposed.

In addition to being unopposed, the undersigned finds that the motion has merit and should be granted. The plaintiff's Requests are reasonably clear, narrowly tailored, and relevant to the plaintiff's claim of alleged excessive force occurring on October 6, 2010. Specifically, in Request No. 1, the plaintiff seeks copies of the logbook pages and time clock cards for the right and left side tiers of Tiger Unit 1 at LSP on the pertinent date, between the hours of 6:00 and 11:30 a.m. In Request No. 2, the plaintiff seeks copies of any and all documents which reflect that a social worker may have been contacted before the plaintiff was allegedly sprayed with irritant spray on that date and any documents which may have been generated by a social worker attending the plaintiff on that date. In Request No. 3, the plaintiff seeks copies of any documents reflecting the identity of the security officer to whom the electronic capture shield was assigned on October 6, 2010, and reflecting whether the shield was working properly on that date. In Request No. 4, the plaintiff seeks copies of any letters or

grievances which may have been filed relative to complaints of excessive force and/or harassment against defendants Butler, Hooker, Oubre, Savoy and Sharp during the 2 years preceding the date of the Request.  And Request No. 5 seeks the identities of all security officers who were present on the left side tier of Tiger Unit 1 at LSP on October 6, 2010, as well as the identity of Sgt. Woods ("who was assigned over 1-left/1-right-tier" on October 6, 2010), "investigative officer Col. Achord" and the "treatment center doctor" at LSP on the morning of that date.

It appears to the Court that the plaintiff's Requests are reasonable and should be allowed.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Compel Production of Documents, rec.doc.no. 53, be and it is hereby **GRANTED.**  The defendants shall file a response to the plaintiff's Requests for Production of Documents within fourteen (14) days of the date of this Order.

Signed in chambers in Baton Rouge, Louisiana, January 24, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**